UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF:

CHRISTINE A HOLLAND            CASE NUMBER: 13-33528
Debtor                                                            CHAPTER 13

SPECIAL ORDER CONFIRMING CHAPTER 13 PLAN

At South Bend, Indiana on 3/13/14.

On December 18, 2013, Christine Holland, by counsel, filed her Chapter 13 Plan ("Plan").

Based on the certificate of service filed with the Plan, the Court finds that the Trustee timely served a copy of the Plan and a copy of this Court's Order fixing the last date to object to confirmation upon all creditors and parties in interest listed on the matrix.

Trustee Debra L. Miller was the only party in interest who timely filed an objection to confirmation of the Debtor's Plan. On March 13, 2014, the Court held a hearing on confirmation of the Plan at which time Debra L. Miller, Trustee, advised the Court of an agreement that had been reached with the Debtor, thereby satisfying the Trustee's objections to confirmation.

Reviewing the Debtor's Plan and the terms of the parties' agreement, the Court concludes that the Plan, as modified, complies with all of the requirements of 11 U.S.C. §1325. The Court therefore confirms the Plan, as modified to provide that:

1. Flagstar Bank, the first mortgage holder on the real estate that is the Debtor's residence, has not filed a claim. Trustee reserves the right to seek to modify the mortgage if the documentation shows issues with perfection or securitization.

13-33528 Holland
Confirmation Order

2. Flagstar Bank, the second mortgage holder on the real estate that is the Debtor's residence, has not filed a claim. Trustee reserves the right to seek to modify the mortgage if the documentation shows issues with perfection or securitization.

3. Any secured mortgage arrears claim filed by Flagstar Bank for the first and second mortgages shall be paid as filed and allowed.

4. All priority claims will be paid as allowed unless otherwise defeated.

5. All property will remain vested in the estate until dismissal or discharge.

6. The claim filed by the Indiana Department of Revenue shall be paid as filed unless otherwise defeated.

7. Within thirty (30) days of Debtor receiving any bonuses, or if Debtor's son obtains disability benefits during the life of the Plan, she shall notify her Attorney and the Trustee and provide appropriate documentation.

8. To meet the disposable income test, the Debtor's Plan is hereby modified to provide a minimum of $20,450.00 for the benefit of general unsecured creditors who timely file allowed claims.

9. Beginning with 2013 taxes, the Debtor will turn over all refunds, less earned income credit, each year of the Plan term. These funds will be used for an additional dividend to Debtor's unsecured creditors who timely file allowed claims.

10. Payments shall be $2,136.00 per month with $739.09 of the payment for non-conduit mortgage payments each month. Upon notice of a monthly conduit payment change, Debtor has a duty to change their monthly payment accordingly.

11. Funding will be reviewed after the bar dates in this case to ensure the case is properly funded. Funding of Debtor's case will be adjusted, if necessary, at that time.

13-33528 Holland
Confirmation Order

All other provisions of the Debtor's Plan not in conflict with the foregoing modifications remain in full force and effect.

The Court further orders that the Debtor's attorney is awarded a fee of $4,000.00 as an administrative expense under 11 U.S.C §503(b)(1)(A), of which $3,281.00 is due and payable from the estate.

APPROVED:

/s/ Debra L. Miller, Trustee
Debra L. Miller, Chapter 13 Trustee
Katherine E. Iskin FBN 73023,
Staff Attorney for Debra L. Miller
Jon R. Rogers, (27701-40),
Staff Attorney for Debra L. Miller
PO Box 11550
South Bend, IN 46634
(574) 251-1493

/s/Brenda Likavec, Esq.
Brenda Likavec, Esq.
Attorney for Debtor
77 West Washington
Suite 515
Chicago, IL 60602
(312) 546-4264

SO ORDERED.

HARRY C. DEES, JR., JUDGE
UNITED STATES BANKRUPTCY COURT